IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jose Jesus Garcia-Rodriguez<br><br>Defendant. | No.  CR-12-360-PHX-FJM<br><br>CR-12-50017-PHX-FJM<br>(Supervised Release Violation)<br><br>FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY AND ADMISSION |

TO:  THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE.

     Upon Defendant's request to enter a plea of guilty pursuant to Rule 11, FED.R.CRIM.P. and admit to a supervised release violation pursuant to Rule 32.1, FED.R.CRIM.P., this matter came on for hearing before U.S. Magistrate Judge Edward C. Voss on March 21, 2012, with the written consents of Defendant, counsel for Defendant, and counsel for United States of America and an Order of Referral from the assigned District Judge.

     In consideration of foregoing hearing and the statements made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

     (A)  I **FIND** as follows:

     (1) that Defendant understands the nature of the charges and supervised release violation against him to which the plea is offered and the nature of the offense and

1  violation to which he is pleading guilty and admitting;

2  (2) that Defendant understands his right to trial by jury and to a revocation hearing,
3  to persist in his plea(s) of not guilty and denials and to the assistance of counsel at trial and
4  revocation hearing, to confront and cross-examine adverse witnesses, and his right against
5  compelled self-incrimination;

6  (3) that Defendant understands what the maximum possible sentence is and the
7  maximum disposition for the supervised release violation; Defendant also understands that
8  the sentencing and disposition guidelines are advisory only and that the sentencing District
9  Judge may depart from those guidelines under some circumstances;

10  (4) that Defendant's plea of guilty and admission to violating his supervised release
11  have been knowingly, intelligently and voluntarily made and are not the result of force or
12  threats or of promises apart from the plea agreement between the parties;

13  (5) that Defendant is competent to plead guilty and admit to a supervised release
14  violation;

15  (6) that Defendant understands that his answers may later be used against him in a
16  prosecution for perjury or false statement;

17  (7) that Defendant understands that by pleading guilty he waives the right to a jury
18  trial and by admitting to violation of his supervised release he waives the right to a
19  revocation hearing;

20  (8) that Defendant understands the terms of the plea agreement provision waiving
21  the right to appeal, to collaterally attack the sentence and disposition of his/her supervised
22  release violation and has knowingly, intentionally and voluntarily waived those rights; and

23  (9)  that there is a factual basis for Defendant's plea and admission;

24  (10) Defendant is satisfied with his/her lawyer's representation in all aspects of the
25  Defendant's case at this time; and further,

26  (B)  **I RECOMMEND** that the Defendant's plea of guilty to the Indictment and
27  admission be accepted subject to the Court's acceptance of the plea agreement which shall

remain lodged with the Court pending Judge Martone's decision whether to accept or reject the plea agreement after review of the presentence report.

**O R D E R**

**IT IS ORDERED** that any objection to the guilty plea or admission proceedings and any request(s) for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection(s) or request(s) made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an order of the assigned District Judge.

**IT IS FURTHER ORDERED** that all character letters defendant or his attorney would like the sentencing judge to read and consider before pronouncing sentence (including the translation of any documents from Spanish to English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than seven (7) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered by him/her. (ECF Manuel, II § N at 24)

**IT IS FURTHER ORDERED** that any motions for upward departure, downward departure and sentencing memoranda must be filed, at least, seven (7) business days prior to the sentencing date. Responses are due, at least, three (3) business days prior to the sentencing date. Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity. Motions to continue sentencing filed less than fourteen (14) days before sentencing are disfavored.

DATED this 21st day of March, 2012.

Edward C. Voss
United States Magistrate Judge